NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE DEANDRE ELLISON, AKA
MB, AKA Matt,

Defendant - Appellant.

No. 23-335

D.C. No.
3:20-cr-01788-WQH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 6, 2024
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Defendant-Appellant Terrance Deandre Ellison appeals his jury convictions

for conspiracy to possess methamphetamine with intent to distribute in violation of

21 U.S.C. §§ 841(a)(1) and 846; possession of methamphetamine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1); conspiracy to import

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

methamphetamine in violation of 21 U.S.C. §§ 952, 960, and 963; and importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by excluding Anthony Ledet's letter as inadmissible hearsay.  "The district court's decision to exclude evidence as hearsay is reviewed for an abuse of discretion." *United States v. Bishop*, 291 F.3d 1100, 1108 (9th Cir. 2002).  Hearsay is an out-of-court statement "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  As the district court found, Ledet's letter constituted inadmissible hearsay because the letter was offered to prove that Ledet had written to the Government "begging" to cooperate in exchange for leniency.  Nor was the letter admissible as extrinsic evidence of a prior inconsistent statement because Ledet admitted on cross-examination that he wrote the letter and "begg[ed] for a chance"—testimony consistent with the letter's assertions.  Ellison also failed to establish that the district court plainly erred in declining to admit Ledet's letter under the state of mind exception to hearsay, *see* Fed. R. Evid. 803(3), or as a verbal act.[1]   Ledet's offer to cooperate did not constitute a legally

---

[1]  Under the plain error standard of review, "[w]e may reverse if: (1) there was error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v.*

binding agreement. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

Finally, Ellison has not carried his burden to show any plain error under the Confrontation Clause. Ellison was permitted to cross-examine Ledet about his letter and its contents, which was adequate to develop Ledet's potential bias to the jury. *See United States v. Hayat*, 710 F.3d 875, 897 (9th Cir. 2013) ("Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied." (internal quotation marks omitted)).

2. The district court did not plainly err in admitting Latoya Alexander's prior consistent statements concerning the purpose of her trip with Ellison to Las Vegas. "Under the rule of curative admissibility, or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *Jerden v. Amstutz*, 430 F.3d 1231, 1239 n.9 (9th Cir. 2005) (internal quotation marks omitted). During cross-examination, Ellison went into Alexander's post-arrest statements to the officers and thus opened the door for the Government to

---

*Alcantara-Castillo*, 788 F.3d 1186, 1190-91 (9th Cir. 2015) (internal quotation marks omitted). The plain error standard of review applies where, as here, the defendant did not object to the alleged error at trial. *Id.*

introduce rebuttal evidence from the post-arrest statements.

Nor did the district court plainly err by admitting statements made in Alexander's sentencing memorandum describing Ellison's role in recruiting and assisting her in the drug smuggling scheme. *See* Fed. R. Evid. 801(d)(1)(B)(i). On appeal, Ellison contends that the sentencing memorandum statements should not have been admitted because Alexander had a motive to falsify after her arrest.[2] *See United States v. Collicott*, 92 F.3d 973, 979 (9th Cir. 1996) ("[T]he prior consistent statement must be made prior to the time that the supposed motive to falsify arose."). We find no plain error. Alexander's sentencing filing statements were made long before she was contacted by the Government regarding Ellison's case, and before she discussed cooperating or testified before a grand jury.

3. The district court did not abuse its discretion by admitting limited evidence of Ellison's domestic violence against a government witness, Britni Boyer, on re-direct examination. "We previously have allowed the Government to introduce otherwise excludable testimony when the defendant 'opens the door' by introducing potentially misleading testimony." *United States v. Beltran-Rios*, 878 F.2d 1208, 1212 (9th Cir. 1989). Ellison's cross-examination of Boyer raised

---

[2] Although the record on appeal does not include Alexander's sentencing memorandum, Ellison's defense counsel did not object to the introduction of the statements at side bar. Nor does Ellison argue that the statements in Alexander's sentencing memorandum were inconsistent with her trial testimony.

Boyer's post-arrest statements, which implicated others in the drug smuggling scheme but notably omitted Ellison. That questioning suggested to the jury that Boyer had fabricated her testimony because she failed to mention Ellison at the time of her arrest. The district court did not abuse its discretion in concluding that the cross-examination opened the door for the Government to ask Boyer on re-direct why she had not mentioned Ellison, allowing her to explain why she feared him. The questions on re-direct were limited to prior interactions between Ellison and Boyer and did not reveal any altercations between them post-arrest.

4. The district court did not improperly limit Ellison's re-direct examination concerning access to discovery. Ellison had already established his difficulty reviewing and accessing discovery materials through his own testimony, and Ellison's counsel agreed to move on from that issue. We therefore have no ruling to review. *See United States v. Fontenot*, 14 F.3d 1364, 1368 (9th Cir. 1994).

5. The district court did not abuse its discretion by admitting evidence of Ellison's failure to appear at his initial court hearing. "Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself." *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991) (internal quotation marks omitted). Ellison was aware of the date of his notice to appear and that he may be charged with a criminal offense if he failed to do so. Indeed, in

5                                    23-335

his opening brief, Ellison admits that he "said, during cross-examination, that prior to July 1, 2020, he was aware he'd been charged." There was thus no abuse of discretion.

6. In the district court's jury instructions, the court instructed jurors to examine each co-conspirator's testimony with "greater caution," but did not also instruct jurors to consider possible sentencing benefits that each co-conspirator may receive. Ellison has not carried his burden to show that the court plainly erred by failing to provide a separate sentencing benefits instruction. *See* Fed. R. Crim. P. 30(d); *United States v. Tavakkoly*, 238 F.3d 1062, 1066 (9th Cir. 2001) ("Improper jury instructions will rarely justify a finding of plain error." (internal quotation marks omitted)).

**AFFIRMED.**